## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SARA CHADWICK (1), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 4:15-cv-00705-CVE-PJC |
| | ) | |
| EAN HOLDINGS, LLC (1), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant EAN Holdings, LLC ("EAN"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Northern District of Oklahoma and as ground therefore states:

### I.     TIMELINESS OF REMOVAL

1.     On or about May 4, 2015, Plaintiff Sara Chadwick ("Plaintiff") filed a civil action against EAN in the District Court of Tulsa County, Oklahoma, Case No. CJ-2015-01719.  The original petition was never served on Defendant, but an amended petition was filed on November 12, 2015.  Copies of the Petition, Plaintiff's First Amended Petition and Summons are attached hereto as Exhibit A, as required under 28 U.S.C § 1446(a).

2.     EAN was served with the Petition on November 13, 2015, when EAN's counsel voluntarily accepted service of Plaintiff's First Amended Petition.

3.     EAN is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

### II.     VENUE

4.     The District Court of Tulsa County is located within the Tulsa Division of the Northern District of Oklahoma 28 U.S.C. § 116.  Therefore, venue is proper in this Court

because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### III.      BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. §1441(b), because the United States District Court has original jurisdiction in this case under  28 U.S.C. §1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Plaintiff's Petition alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Family and Medical Leave Act, 29 U.S.C. §2611 ("FMLA"), and asserts related claims under the Oklahoma Anti-Discrimination Act under 25 O.S. §§ 1302 *et seq.* for disability discrimination by association and retaliation.

7.      By asserting claims under federal law, namely, Title VII and the FMLA, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331 and therefore is removable under 28 U.S.C. §1441(a).   This Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties.

### IV.      SUPPLEMENTAL JURISDICTION

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims for disability discrimination by association and retaliation.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."   State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9.      Here, Plaintiff's state law claims for discrimination and retaliation relate closely to her Title VII and FMLA claims.  The claims all arise out of a common nucleus of operative facts:  Plaintiff's employment with and termination from EAN.   Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to  28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.      CONCLUSION

10.      EAN has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

11.      In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court of Tulsa County, Oklahoma.

12.      By removing this matter, EAN does not waive or intend to waive any defense including, but not limited to, insufficiency of process and/or insufficiency of service of process.

WHEREFORE, Defendant EAN Holdings, LLC respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove it from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

*/s/ William M. Lawson*
William M. Lawson (pending pro hac admission)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
314.802.3935
314.802.3960 *(facsimile)*
william.lawson@ogletreedeakins.com
nathan.harris@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I certify that on December 10, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

OXFORD LEHR, PLLC
Benjamin Oxford
Hans Otto Lehr
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
*Attorneys for Plaintiff*

*/s/ William M. Lawson*

22286652.1

4