*1029450236*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
MAY - 4 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SARA CHADWICK,

Plaintiff,

v.

EAN HOLDINGS (ENTERPRISE HOLDINGS)
A foreign, for profit company

Defendant.

CJ-2015-01719

MARY F. FITZGERALD

PETITION

**COMES NOW**, the Plaintiff Sara Chadwick ("Plaintiff") and for her petition against EAN Holdings (hereafter "Enterprise") states as follows:

15 MAY -4 PM 3:28
SALLY HOWE SMITH
COURT CLERK

1. Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

2. Enterprise is a foreign limited liability company, organized under the laws of the Delaware but operating in Tulsa County, State of Oklahoma.

3. The events giving rise to this petition took place in Tulsa County, State of Oklahoma.

4. The Plaintiff timely submitted her Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination under Title VII of the Civil Rights Act of 1964 and was issued a Dismissal and Notice of Suit Rights on February 5, 2105. **Exhibit 1**.

**FACTS PERTINENT TO ALL CLAIMS**

5. Enterprise is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq*. ("Title VII"), as Enterprise employed more than fifteen (15) people for

EXHIBIT
A

the statutorily required period.

6. The Plaintiff was an "employee" of Enterprise as defined by Title VII, and Enterprise employed the Plaintiff.

7. Enterprise hired Plaintiff in July of 2010 as a Support Clerk. She exceeded her performance goals and by the conclusion of her employment, she advanced to Senior Recovery Specialist.

8. The Plaintiff's son has a medical condition that requires constant care and attention. As such, she worked a compressed workweek that allowed her to take an extra day to tend to her son.

9. When the Plaintiff began working at Enterprise she was allowed to take off for her son's doctor's appointments, and was permitted to make up this time elsewhere on her schedule.

10. In late 2013 Enterprise hired Jonathan Wilson ("Wilson") to serve as the Human Resources Generalist. Wilson is an African American male.

11. Shortly after Wilson's arrival, he advised the Plaintiff she could no longer leave for a few hours for her son's medical appointments. Instead, she would have to use her Family Medical Leave Act (hereafter "FMLA") time. Even though the appointments were never more then a few hours, Wilson deducted an entire day of FMLA time, and did not permit the Plaintiff to make up her hours.

12. Wilson then took away Plaintiff's compressed work week and told her she was no longer eligible because she was taking FMLA time.

13. Wilson then began limiting the FMLA "occurrences" to three per week. If the Plaintiff had to use FMLA time more then three times a week, Wilson wrote her up for disciplinary action.

14. Wilson would also call the Plaintiff while she was taking FMLA time, threatening her job and providing her with false information regarding constraints on FMLA leave.

15. Wilson then went back on his policy of completely taking away the compressed work week and instead implemented another new policy by which the Plaintiff was precluded from a compressed workweek schedule if she took any FMLA time that particular week.

16. Wilson also took away company benefits from those who were taking FMLA time. For example, Wilson no longer permitted the Plaintiff to purchase gift cards at a discounted rate from the company because she was an employee on FMLA.

17. Limiting the plaintiff hours in this way reduced her pay and her ability to meet her work goals. It deprived her of needed income.

18. These types of policies prevented the Plaintiff from taking FMLA time and in turn the Plaintiff was unable to meet her son's medical needs. On one occasion Plaintiff was unable to leave work to tend to her son and serious injury resulted.

19. Shortly before Plaintiff resigned, Wilson approached her and told her that she could no longer take small amounts of time and apply it to her FMLA. A certain amount of small FMLA occurrences would result in a write up. Instead the Plaintiff had to take an hour at a time. This was yet another policy that prevented the Plaintiff from being able to earn money and effectively handle her workload.

**COUNT ONE: VIOLATION OF TITLE VII- RACE**

For her First Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

20. Plaintiff was protected from discrimination on the basis of her race.

21. Enterprise discriminated against the Plaintiff during the course of her employment and constructively terminated the Plaintiff because of her race.

22. As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

23. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

**COUNT TWO: VIOLATION OF TITLE VII- DISABILITY**

For her Second Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

24. Plaintiff was protected against discrimination based on her relationship with a disabled person.

25. Enterprise was aware that Plaintiff was the sole caretaker to her disabled son. Enterprise discriminated against the Plaintiff on the basis of her relationship with her son.

26. As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

27. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff

is entitled to punitive damages.

**COUNT THREE: VIOLATION OF 42 U.S.C. §1981**

For her Third Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

28. Plaintiff is protected from employment discrimination by Enterprise based upon her race and her relationship with her disabled son under 42 U.S.C. §1981.

29. Enterprise's adverse actions against the Plaintiff were based upon her race, color, and national origin, and Plaintiff is entitled to all remedies available under 42 U.S.C. §1981.

30. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

**COUNT FOUR: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT**

For her Forth Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

31. Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1302, *et. seq*. (the "OADA"), and discriminated against by Enterprise on the basis of her race and her relationship with her disabled son.

32. The acts and omissions complained of throughout were motivated in full or in part by discrimination, which is contrary to the OADA.

33. In treating the Plaintiff differently then other employees because of both her race and role as caretaker to her disabled son, and also retaliating against the Plaintiff by adverse treatment that lead to constructive termination of her employment, Enterprise did violate the OADA.

34. As a direct and proximate result of the Enterprise's discriminatory acts and omissions,

the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

35. The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Oklahoma law.

36. Enterprise's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from Enterprise.

**COUNT FIVE: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

For her Fifth Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

37. Plaintiff was protected from retaliatory treatment based on the assertion of her rights under 29 U.S.C.A. §2615.

38. Enterprise discriminated and retaliated against the Plaintiff after she sought to enforce her rights under FMLA.

39. As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

40. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, Sara Chadwick, prays the Court enter judgment against Enterprise

and award her damages in an amount in excess of $75,000.00, along with all further relief this Court deems just and equitable including but not limited to, back pay, liquidated damages, punitive damages, attorney's fees and costs, pursuant to the provision of Title 25 Okla. St. Ann. §1350.

By: [signature]

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel: (918) 884-6016
Fax: (888) 424-7080

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| **SARA CHADWICK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EAN HOLDINGS (ENTERPRISE HOLDINGS)**<br>**A foreign, for profit company**<br><br>**Defendant.** | **Case No. CJ-2015-1719**<br>**JUDGE MARY FITZGERALD**<br><br>**Jury Trial Demanded**<br>**Attorney Lien Claimed** |

DISTRICT COURT
FILED
NOV 12 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**PLAINTIFF'S FIRST AMENDED PETITION**

**COMES NOW**, the Plaintiff Sara Chadwick ("Plaintiff") and for her petition against EAN Holdings (hereafter "Enterprise") states as follows:

1. Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

2. Enterprise is a foreign limited liability company, organized under the laws of the Delaware but operating in Tulsa County, State of Oklahoma.

3. The events giving rise to this petition took place in Tulsa County, State of Oklahoma.

4. The Plaintiff timely submitted her Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination under Title VII of the Civil Rights Act of 1964 and was issued a Dismissal and Notice of Suit Rights on February 5, 2105. **Exhibit 1**.

**FACTS PERTINENT TO ALL CLAIMS**

5. Enterprise is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.* ("Title VII"), as Enterprise employed more than fifteen (15) people for

the statutorily required period.

6. The Plaintiff was an "employee" of Enterprise as defined by Title VII, and Enterprise employed the Plaintiff.

7. Enterprise hired Plaintiff in July of 2010 as a Support Clerk. She exceeded her performance goals and by the conclusion of her employment, she advanced to Senior Recovery Specialist.

8. The Plaintiff's son has a medical condition that requires constant care and attention. As such, she worked a compressed workweek that allowed her to take an extra day to tend to her son.

9. When the Plaintiff began working at Enterprise she was allowed to take off for her son's doctor's appointments, and was permitted to make up this time elsewhere on her schedule.

10. In late 2013 Enterprise hired Jonathan Wilson ("Wilson") to serve as the Human Resources Generalist.

11. Shortly after Wilson's arrival, he advised the Plaintiff she could no longer leave for a few hours for her son's medical appointments. Instead, she would have to use her Family Medical Leave Act (hereafter "FMLA") time. Even though the appointments were never more than a few hours, Wilson deducted an entire day of FMLA time, and did not permit the Plaintiff to make up her hours.

12. Wilson then took away Plaintiff's compressed work week and told her she was no longer eligible because she was taking FMLA time.

13. Wilson then began limiting the FMLA "occurrences" to three per week. If the Plaintiff had to use FMLA time more than three times a week, Wilson wrote her up for disciplinary action.

14. Wilson would also call the Plaintiff while she was taking FMLA time, threatening her job and providing her with false information regarding constraints on FMLA leave.

15. Wilson then went back on his policy of completely taking away the compressed work week and instead implemented another new policy by which the Plaintiff was precluded from a compressed workweek schedule if she took any FMLA time that particular week.

16. Wilson also took away company benefits from those who were taking FMLA time. For example, Wilson no longer permitted the Plaintiff to purchase gift cards at a discounted rate from the company because she was an employee on FMLA.

17. Limiting the plaintiff hours in this way reduced her pay and her ability to meet her work goals. It deprived her of needed income.

18. These types of policies prevented the Plaintiff from taking FMLA time and in turn the Plaintiff was unable to meet her son's medical needs. On one occasion Plaintiff was unable to leave work to tend to her son and serious injury resulted.

19. Shortly before Plaintiff resigned, Wilson approached her and told her that she could no longer take small amounts of time and apply it to her FMLA. A certain amount of small FMLA occurrences would result in a write up. Instead the Plaintiff had to take an hour at a time. This was yet another policy that prevented the Plaintiff from being able to earn money and effectively handle her workload.

**COUNT ONE: VIOLATION OF TITLE VII- DISABILITY**

For her First Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

20. Plaintiff was protected against discrimination based on her relationship with a

disabled person.

21. Enterprise was aware that Plaintiff was the sole caretaker to her disabled son. Enterprise discriminated and retaliated against the Plaintiff on the basis of her relationship with her son, such that her work environment became hostile to the point where she was constructively terminated.

22. As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

23. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT TWO: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT

For her Second Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

24. Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1302, *et. seq*. (the "OADA"), and discriminated against by Enterprise on the basis of her relationship with her disabled son.

25. The acts and omissions complained of throughout were motivated in full or in part by discrimination, which is contrary to the OADA.

26. In treating the Plaintiff differently than other employees because of her role as caretaker to her disabled son, and also retaliating against the Plaintiff by adverse treatment that lead

to constructive termination of her employment, Enterprise did violate the OADA.

27. As a direct and proximate result of the Enterprise's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

28. The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Oklahoma law.

29. Enterprise's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from Enterprise.

**COUNT THREE: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

For her Third Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

30. Plaintiff was protected from retaliatory treatment based on the assertion of her rights under 29 U.S.C.A. §2615.

31. Enterprise discriminated and retaliated against the Plaintiff after she sought to enforce her rights under FMLA.

32. As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

33. Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff

is entitled to punitive damages.

**WHEREFORE**, Plaintiff, Sara Chadwick, prays the Court enter judgment against Enterprise and award her damages in an amount in excess of $75,000.00, along with all further relief this Court deems just and equitable including but not limited to, back pay, liquidated damages, punitive damages, attorney's fees and costs.

By: ______________________________

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel: (918) 884-6016
Fax: (888) 424-7080

EEOC Form 161 (11/09) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Sara Chadwick**
**25476 S. Holliday Dr.**
**Claremore, OK 74019**

From: **Oklahoma City Area Office**
**215 Dean A. McGee Avenue**
**Suite 524**
**Oklahoma City, OK 73102**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **564-2015-00114** | **Donna G. Smith, Investigator** | **(405) 231-4361** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Holly Waldron Cole,**
**Area Office Director**

02-05-2015
*(Date Mailed)*

Enclosures(s)

cc:

Jonathan Wilson, H R Director
EAN HOLDINGS (ENTERPRISE HOLDINGS)
6929 N. Lakewood Ave.
Tulsa, OK 74117

Ben Oxford, Esq.
OXFORD/LEHR ATTORNEYS AT LAW
9 E. 4th St., Ste. 600
Tulsa, OK 74103

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SARA CHADWICK,

Plaintiff,

v.

EAN HOLDINGS (ENTERPRISE HOLDINGS)
A foreign, for profit company

Defendant.

Case No. CJ-2015-01719

**SUMMONS**

______________________________
Appointed to Serve. PSL# __________

______________________________
Authorized by

To the above named Defendant:

You have been sued by the above named Plaintiffs, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 4 day of ~~March~~ May, 2015.

(Seal)

Sally Howe Smith, Tulsa County Court Clerk

By ______________________________
Deputy Court Clerk

THIS SUMMONS WAS SERVED ON ______________________________
(Date of Service)

______________________________
(Signature of person serving Summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.